———o———

LAWRENCE COOK, Respondent, vs. THE HANNIBAL & ST. JOE. R. R. Co., Appellant.

1. *Practice, civil—Jury, what questions must go to.*—Where there is any evidence tending to establish the allegations of the petition, the court cannot withdraw the case from the jury.

2. *Damages—Railroad company—Rip-raps—Caving in of bank—Loss of team—Question of employment—Of co-employer—Jury, what facts for.*—It appeared that a railroad company was engaged in "rip-rapping" the Missouri river at a point on its line; that some ten feet from the bank there was a crack or fissure in the earth, which had been filled up by dirt and sand; that teamsters hauling rock for the rip-raps were ordered, by the company's superintendent,

to drive out between the fissure and the bank; that a teamster employed by a sub-contractor to haul rock, having expressed some apprehension, was assured by the superintendent that there was no danger—that the company was responsible, and while the order was being obeyed, the earth caved in, and the team was precipitated into the river. In action by the sub-contractor against the railroad for damages, it was held: 1st, that as to the place where the rock was to be delivered, the teamster, although hired by plaintiff, was subject to the control of the superintendent; 2d, that as to whether the earth which caved in was apparently dangerous, and known to be so by the superintendent, or was equally open to the observation of the teamster and the superintendent, there being evidence tending to show these facts, these questions were for the jury; 3d, that the superintendent represented the company, and that the driver was not his fellow servant.

In such suit, where the petition in effect set out that defendant had a superintendent to direct and oversee the work, and that plaintiff was engaged in hauling rock under this agent of defendant, and that whilst so engaged the loss occurred, by reason of the negligence of the superintendent, it was held to state a good cause of action.

3. *Practice, Supreme Court—Judgment below for excess—Case reversed, etc.—* Where judgment is erroneous simply, as being for a sum exceeding the amount claimed in the petition, the case will be reversed and the cause remanded to the circuit court, with directions to enter judgment for the sum claimed in the petition and costs, on entry of a remittitur of the excess.

*Appeal from Jackson Circuit Court.*

*James Carr,* for Appellant.

I. The judgment is erroneous as being for $542.33, when the damages claimed are only $500. This is an error on the face of the record, and will operate a reversal. (Carr vs. Edwards, 1 Mo. 137; Hayton vs. Hope, 3 Mo. 53; Maupin vs. Triplett, 5 Mo. 423: West, Assignee of Malay, vs. Miles, 9 Mo. 168; Cox vs. The City of St. Louis, 11 Mo. 431; Beckwith, Adm'r of Smith, vs. Boyce, 12 Mo. 440; Pope vs. Salsman, 35 Mo. 382.)

II. There is no cause of action stated in the respondent's petition; hence, the court below erred in not sustaining the appellant's motion in arrest of judgment. (Snyder vs. Han. & St. Jo. R. R. Co., 60 Mo. 418; Welch vs. Bryan, 28 Mo. 30; Syme vs. Steamboat Indiana, Id. 335; Andrews vs. Lynch, 27 Mo. 169; Ivory vs. Carlin, 30 Mo. 142; Pope vs. Salsman, 35 Mo. 362; Beardsley vs. Boyd, 37 Mo. 180; Moss vs. Pac. R. R., 49

Mo. 167; Bartlett vs. Crozier, 17 Johns. 439; Melton vs. Pac. R. R., 34 Mo. 358; Williams vs. Hingham, 4 Pick. 341; Higgins vs. Han. & St. Jo. R. R., 36 Mo. 418.)

III. The teamsters and superintendent were fellow servants, and, *quoad* the master, of the same grade, and there is no allegation that the respondent's fellow servants did not possess the requisite capacity and skill. (Lee vs. Detroit Bridge & Iron Co., 62 Mo. 565; Columbus &c. R. R. Co. vs. Arnold's Adm'r, 31 Ind. 174; Warner vs. Erie Rly. Co., 39 N. Y. 468; Warner vs. Baltimore & Ohio R. R. Co., 32 Md. 411; Seaver vs. Boston & Maine R. R. Co., 14 Gray, 466; Pennsylvania R. R. Co. vs. Bug, 47 Penn. St. 480.)

IV. The bank of the river was a natural formation. When Bartley ordered the respondent to drive up to this point he did not know of the danger. It was a latent danger. Hence, the appellant is not liable for any damage ensuing from it. (Warner vs. Erie. R. R. Co., *supra* ; Ill. Cent. R. R. Co., v. Jewell, Adm'x, 46 Ill. 99; Wonder vs. Bal. & O. R. R. Co., 32 Md. 411; Seaver vs. Boston & Maine R. R. Co., 14 Gray, 466.)

V. The appellant employed Bartley to lay the rock in the form of rip-raps, and Bartley gave the order which resulted in the damage. On this state of facts the doctrine of *respondeat superior* does not obtain as between the appellant and respondent. (Barry vs. The City of St. Louis, 17 Mo. 121; Clark's Adm'x vs. Han. & St. Jo. R. R. Co., 36 Mo. 217; Cuff, Adm'x, vs. Newark and New York R. R. Co., 6 Vroom, 17; Blake vs. Farris, 1 Seld. 48; Peck vs. Mayor of New York, 4 Id. 422; Kelly vs. Mayor of New York, 1 Kern. 432.)

VI. The demurrer to the respondent's evidence should have been sustained. Respondent's evidence did not show, or even tend to show, any cause of action. (Roland vs. Missouri R. R. Co., 36 Mo. 484; McGowan vs. St. Louis & Iron Mountain R. R. Co., 61 Mo. 528; Snyder vs. Han. & S. Jo. R. R. Co., 60 Mo. 413; Holman vs. The C., R. I. & P. R. R. Co., 62 Id. 562; Moore vs. Same, Id. 584.)

*White & Titus,* for Respondent.

This action was properly brought, and defendant is liable for the acts of its agents in the course of their employment, and the petition is good. (Hulsekamp vs. Railway Co., 37 Mo. 537 ; Brown vs. Han. & St. Joe. R. R. Co., 50 Mo. 461 ; Lovell vs. Boston & Lowell R. R. Co., 23 Pick. 24 ; Chapman vs. New York Central R. R Co., 33 N. Y. 369 ; Phil. & Reading R. R. vs. Derby, 14 How. [U. S.] 468 ; Sheath vs. Wilson, 9 Car. & Payne, 607 ; McManus vs. Crickett, 1 East. 106 ; Smith Mast. & Serv. 152–7 ; Perkins vs. Washington Ins. Co. [Agency] 4 Conn. 690 ; Seaton vs. Chicago, &c. R. R. Co., 55 Mo. 416 ; Beekman vs. Traser, 20 Wend. 67 ; Lighte vs. Everett Fire Ins. Co., 5 Bosw. 716 ; Han. & St. Joe. R. R. Co. vs. Kenney, 41 Mo. 271.)

NAPTON, Judge, delivered the opinion of the court.

The petition in this case is as follows : " Plaintiff states that on the 10th of July, 1872, he owned a team of mules and a wagon, worth $500 ; that on or about said date said team was engaged in hauling and depositing rock, under the supervision and directions of defendant, which rock was used by defendant in rip-rapping the bank of the Missouri river, and the said defendant, by its agents and servants so engaged in supervising and directing said work of rip-rapping and hauling, then and there willfully, wrongfully and negligently directed the driving of and conducting of said mules and wagon of plaintiff, so engaged ; that by said direction and command said defendant caused said mules and wagon to be precipitated into the Missouri river, where they were lost, whereby plaintiff has suffered damage to the amount of five hundred dollars, for which, and costs, he prays judgment."

A demurrer to this was filed and overruled, and by leave an answer was filed, containing a general denial of every allegation of the petition, and a specific allegation of contributing negligence on the part of the plaintiff.

As the main point in this case arises from a demurrer to the evidence of plaintiff, its tendency must be stated in substance.

The defendant was rip-rapping the Missouri river at the place or near where this accident occurred. Mr. Bartley was then superintendent of the work. His business was, of course, to make the workmen under his control put the rock in the places needed. He was the person to determine where they were needed.. The rock was hauled under a contract between the defendant and McNamara and Kelly, and the plaintiff was a subcontractor under McNamara and Kelly, and the man who drove the wagon was a servant of plaintiff.

The evidence tended to show that there was a crack on the bank of the river, about 6 inches wide, and some 10 or 15 feet from the edge of the bank, which alarmed several of the teamsters employed in hauling rock by McNamara ; that the orders of defendant's superintendent Bartley, to them to drive out between the crack and the edge of the bank were not regarded, and disobeyed by several of the teamsters, because they considered it very unsafe to do so ; that this crack had been filled up with sawdust, sand and dirt under direction of superintendent Bartley, and the plaintiff's servant, who, on approaching this fissure, expressed apprehensions, but was ordered peremptorily by Bartley to drive up ; that there was no danger ; that "we,"—the company— were responsible. It appeared that the servant obeyed the orders of Bartley, and his team was " stalled " on the dirt, sand and sawdust, and whilst engaged in unloading, the team and wagon and driver were all precipitated into the river by the caving in of the bank.

Several witnesses testified that the fissure was perceptible to every one, but was covered over before the driver of plaintiff's wagon approached on the day of the accident. There was evidence to the contrary given by defendant.

No instructions were asked or given in the case, so far as the record shows. The verdict of the jury was $542.33. There was a motion for a new trial, and in arrest, which was overruled.

The only questions presented are therefore, whether the petition stated a cause of action, and whether the demurrer to the plaintiff's evidence should have been sustained.

We see no objections to the petition. It is substantially stated that the defendant was engaged in the rip-rapping on the river, and had a superintendent to direct and oversee the work, and that the plaintiff was engaged in hauling rock under the direction and supervision of this agent of the defendant, and that, whilst so engaged, the loss occurred by reason of the negligence of the superintendent.

In regard to the evidence, if there was any, tending to establish the allegations of the petition, the court had no authority to withdraw the case from the jury.

The only ground upon which the testimony could be objected to, is that the plaintiff was a sub-contractor under Kelly and McNamara, in hauling rock for this work. It is not shown what the precise contract between the company and Kelly and McNamara was, nor is it shown whether it was in writing or not. It appears, however, that they contracted to haul and deliver rock to be used in this work, placed under the superintendence of Bartley. There could be no question that Bartley had control over the men he hired to put the rock in the river or on the bank, after it was hauled, and I do not see how this work could be accomplished, unless he had a like control over the teamsters in regard to the point where the rock was to be delivered. He was superintendent of the work, and the work required two things as essential to its accomplishment: laborers to place the rock in such positions as he thought advisable, and teamsters to put the rock, when hauled, in such places as would be convenient to these laborers. Each class of laborers would seem to have been under his control and orders. The very nature of his employment implied such control. There was evidence to show that he had such control, and that he exercised it in the case of the plaintiff's servant. There is nothing to show on what terms these laborers of either class were employed; but there was evidence to show that the superintendent of defendant had entire control over the work, and, consequently, of the laborers engaged in it.

Whether the place occupied by plaintiff's servant, who was a negro driver, was apparently a dangerous place, and so known to Bartley, the superintendent, and not so known to the servant, driver of plaintiff, whether the filling of the fissure by sawdust and sand, etc., was designed to hide the danger of driving between it and the river from the teamsters, or whether the danger was equally open to the observation of both superintendent and driver, are questions of fact upon which there was evidence, but upon which there were no instructions given by the court. There was certainly evidence tending to show gross negligence on the part of the superintendent, and whether it was satisfactory or not was a matter for the jury.

There is no question that the superintendent, Bartley, represented the defendant, and that the plaintiff's driver was not a fellow-servant within the rule on that subject. (See Whalen vs. Centenary Church, 62 Mo. 326.)

We think the demurrer to the evidence was properly overruled, but the judgment, being for a sum exceeding that claimed in the petition, must be reversed, and the case will be remanded to the circuit court of Jackson county, with directions to enter a judgment for the sum claimed in the petition, and costs, upon a remittitur being entered for the excess in the verdict.

The other judges concur.