## T. J. WALL v. THE TEXAS & PACIFIC RAILWAY CO.

SUPREME COURT OF TEXAS, AUSTIN TERM, 1884.

*Master and Servant.*—An agent having the authority to employ and discharge the

servants under his control, must be considered, so far as such servants are concerned, as in legal effect occupying the position of the master.

*Same.*—When a corporation entrusts such authority to its agent, it will be liable for its acts which result injuriously to the servants under his control.

*Same.*—It is the duty of the master to use all reasonable means to protect the servants employed in a dangerous service, against any increased danger that may occur from extrensic causes.

Appeal from the District Court of Callahan county.

STATEMENT.

Appellant brought this suit against the company to recover damages for injuries received while in the employment of the company as car repairer at Baird. It is in effect alleged that Baird is the end of a division on the company's line, and that it has there a department for the repair of cars. That in October, 1881, James Monahan was foreman of that department with full power and authority to employ and discharge such servants as was engaged therein. That appellant was employed as a servant in that dedartment and was subject to the immediate control and discretion of Monahan. That there was a switch at the place used for the purpose of repairing cars upon; that at the time he was injured one car was standing upon that track for repair, and he was directed by Monahan to go to work upon it, but at the time the switch was being used in moving other cars thereon, and he pointed out the danger attending the service to Monahan, as he would be compelled to get under the car to do the work. Monahan then assured him that a guard would be so placed as to give him timely warning of approaching danger, and directed him to proceed with the work. That relying upon this assurance, he undertook to perform the service, and while under the cars making the repairs, other cars without any notice whatever to him was run against that upon which he was engaged, and that he was thereby seriously and permanently injured. That Monahan failed to comply with his assurances and did not place any guard in position to warn him of the approaching danger.

To the petition the court sustained general demurrer, and rendered judgment against appellant for costs, etc.

OPINION.

It is alleged that Monahan was.foreman of car repairs at Baird,

with sole charge and control of that department, having full and complete power to employ and discharge the operators under him; and that appellant was injured by reason of the negligence of Monahan. In sustaining the general demurrer to the petition, doubtless the court regarded appellant and Monahan fellow-servants, under the allegations in the petition.

There is considerable difficulty in some cases in determining whether an employee is to be deemed a servant only, or whether he is to be considered the immediate representation of the master. The general test applied is as to whether such employee has the power . to employ and discharge the servants who are subject to his control or direction. An agent having such authority has been generally considered, as far as the servants under his control is concerned, as in legal effect occupying the position of the master. Consequently it has been held in numerous cases, that a superintendent, foreman or boss having the construction or repair of work upon the road, with power to employ and discharge servants, must be considered, as the immediate representative of the company, as between such company and the servants so employed. (Kansas Pacific R. Co. v. Little, 19th Kan., 267; Louisville & N. R. Co. v. Bowler, 19th Heish. 866; Cook v. Hadnibal & St. J. R. Co., 63°Mo., 397; Deppe v. Chicago R. I. & T. R. Company, 38th Iowa, 592; see Waits' Actions and Defenses Vol. 4, 416.)

See also Pierce on Railroads, p. 369, note 3. This doctrine has been fully recognized and applied in this state, in the case of Texas M. R. Co. v. Whitmore, 58 Texas, 287. Justice Stayton in an exhaustive opinion reviewed the authorities upon that subject, and speaking for the court said : "In the nature of things, a corporation can only act through its officers and agents; and it would seem that where a superintending agency, carrying with it the power to select, employ and discharge employees, is entrusted to an agent, that his act, knowledge and negligence should be deemed that of the corporation in reference to all matters in regard to which the corporation has given such agent the power to do those things which the corporation is bound to do for the protection of employees."

Notwithstanding railway corporations must perform many of the duties appertaining to its business through superintendents, agents and foremen, still when the authority is intrusted to these to em-

ploy and discharge at their will the servants who operate under their control, the corporation is bound to such servants for the acts of its agent or superintendent which result injuriously to them. That is, such superintendent, agent or foreman with respect to the servant, stands in the place of the corporation. And he is bound to use the same care in protecting such servants from injury as is imposed upon the corporation itself. And for any failure in this respect, resulting injuriously to the servant, the corporation must respond. (G. H. & S. A. R'y. Co. v. Drew, 59 Texas, 11.)

Judge Cooley in his work on Torts, p. 563, says: "It is also, as has been shown, the duty of the master not to send the servant upon dangerous service which he has not undertaken for; and if he places the servant under the orders of another who requires him to perform such dangerous service, whereby he is injured, the wrongful act is properly attributable to the master himself." Citing as authority for that proposition. (Mann v. Oriental Print Works, 11 R. I., 152. Chicago etc. R. R. Co. v. Bayfield, 37 Mich., 205; Frandrew v. Chicago etc. R. R. Co., 36 Iowa, 372.)

Another familiar principle which is applicable to this case, is, where there is not particular danger in the service itself, but the peril arises from extrinsic causes or circumstances, which cannot be discovered by reasonable care, the employee is liable if the servant is injured by reason of neglect, or want of the exercise of reasonable care upon the part of the employer. (Perry v. Marsh, 25 Ala., 659; Gibson v. Pacific R. R. Co., 46 Mo., 163; Cumberland etc. R. R. Co. v. State, 44 Md., 283; Baxter v. Roberts, 44 Cal., 187.)

Again, the servant has the right to rely upon the prudence and caution of the master, and that he will be provided with a suitable place, where, with due care upon his own part, he may safely perform the duty assigned to him, except as to the dangers necessarily attending the service. The master is liable for injuries to the servant resulting from an exposure to dangers which do not come within the scope of his employment. (Coombs v. New Bedford Cordage Co., 102 Mass., 572.)

If the servant is employed in a dangerous service, it is the duty of the master to use all reasonable means to protect him against any increased or unnecessary danger that may occur from extrinsic causes. And the greater the peril arising from the service, the more

care and prudence is required of the master in protecting him against an increase of danger arising from extrensic causes. (Hay-den v. Smithville, ete. Co. 29 Conn., 548; Clarke v. Holmes, 7 Hurlet. & N., 937.)

Then applying these principles to the cause under consideration and taking as true the allegations in the petition, which are admitted for the purposes of the demurrer, and it seems to us, that a good cause of action was therein asserted against the appellee.

As has been shown Monahan was the immediate representative of the company with reference to the repair of cars at Baird. His relation to appellant was not that of fellow-servant, within the meaning of the rule that would protect the company against the liability for injuries received by appellant on account of the negligence of Monahan.

There was no danger in repairing the car upon the switch arising out of the work itself, but there was apparent as well as real danger in the performance of the service arising from extrensic causes, that is, the use of that switch for other purposes at the same time.

Appellant when directed to perform the service, pointed out this danger to the foreman, and protested against doing the work while the switch was being so used. The foreman then acting for and in place of the company promised to place a guard in a position to give him timely warning of any approaching danger from that source. relying upon that assurance he undertook the performance of the duty, which necessarily placed him in a position, that he could not watch for himself; but the foreman did not comply with his assurances, and while appellant, unconscious of the neglect, was in the discharge of the duty was seriously injured from that cause.

Under such circumstances can it be said that the increased risk was assumed by appellant as incident to the employment? Certainly not.

Our conclusion is that the judgment ought to be reversed and the cause remanded. Watts, Judge.

Report of Commissioners of Appeals examined, their opinion adopted; the judgment reversed and the cause remanded. Willie, C. J.