| 86 | 221 |
| 96 | 209 |
| 86 | 221 |
| 43a | 405 |
| 86 | 221 |
| 109 | 356 |
| 112 | 52 |
| 51a | 459 |

STEPHENS v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant.*

1. **Negligence**: RAILROAD: SPEED OF TRAINS. A railroad has the right to run its trains in excess of the usual rate of speed to make up lost time, but, in doing so, those in charge of the train should use greater vigilance and care to prevent accidents to workmen on the track.

2. ——— : ——— : ———. Where an employe on the track is injured

by a train so running at an unusual rate of speed, he cannot recover in the absence of evidence to show that the engineer did discover, or, by the exercise of care, could have discovered the plaintiff in time to have checked the train.

3. **Vice-principal.** Where the master appoints an agent with a superintending control over his work and with power to employ and discharge hands, and to direct and control their movements in and about their work, such agent is a vice-principal and his negligence is that of the master.

4. **Master and Servant** : ORDER OF MASTER INVOLVING EXTRA HAZARD TO SERVANT. Where the master gives an order to a servant to do an act at a time, or under circumstances which render the doing of the act, extra hazardous, and the servant in obeying the order receives an injury, the master is liable, unless to obey the order was plainly to imperil life or limb.

*Appeal from Clay Circuit Court.*—HON. G. W. DUNN, Judge.

REVERSED.

*Geo. W. Easley* for appellant.

(1) The objection to the introduction of any evidence under the first count should have been sustained. The plaintiff and the train men were fellow servants, and the plaintiff could not recover for the negligence of his fellow servants. *Rohback v. Pacific Ry. Co.*, 43 Mo. 187; *McGowan v. St. Louis, etc., Railroad*, 61 Mo. 528; *Blessing v. St. Louis, K. C., etc., Railroad*, 77 Mo. 410. Not only the evidence, but the pleadings must negative the presumption that all engaged in the same service are fellow servants. *Summerbays v. Railroad Co.*, 2 Col. 484; s. c., 20 Am. Ry. Rep. 362; *Dow v. Ry. Co.*, 8 Kan. 642; s. c., 5 Am. Ry. Rep. 401. (2) The second count did not state facts sufficient to constitute a cause of action, and this question was raised by the motion in arrest. Plaintiff and the foreman, Rice, were fellow servants, and without an allegation of negligence in the hiring or retention of Rice, no cause of action was

stated. *McDermott v. H. & St. Jo. Ry. Co.*, 73 Mo. 516; Wood's Master and Servant, 900; *Fort v. Pacific Railroad*, 2 Dillon, 259; Smith's Master and Servant (3 Eng. Ed.) 216. (3) The first instruction given for the plaintiff was erroneous. *Rohback v. Railroad*, 43 Mo. 187. The second instruction was likewise erroneous. Wood on Master and Servant, 900; Smith's Master and· Servant (3 Eng. Ed.) 216. The instruction ignores the defence of contributory negligence. *Gibson v. Jackson Horse Ry. Co.*, 76 Mo. 282. It enlarges the issues made by the pleadings. *Waldhier v. Railroad Co.*, 71 Mo. 514. (4) Defendant's first, second and third instructions should have been given. The plaintiff could not recover without showing all those instructions required, and, further, that the negligent character of the engineer or Rice was unknown to plaintiff. ·Wood on Master and Servant, p. 791, sec. 414; *Devitt v. Railroad*, 50 Mo. 302. (5) Defendant's fourth instruction should have been given. The jury may have found negligence from the single act of Rice, which is not the law. Whar. on Neg., sec. 238; *Lee v. Bridge Works*, 62 Mo. 565. Defendant's fifth instruction should have been given. If plaintiff stood still and let the train run over him he could not recover. Defendant's seventh instruction was clearly right. The foreman and plaintiff both being negligent, plaintiff could not recover. *Schabb v. Wheel Co.*, 56 Mo. 173. (6) The third instruction given for the plaintiff and the general finding on the counts are erroneous, and the motion in arrest should ·have been sustained for that reason. *Mooney v. Kennett*, 19 Mo. 551; *Clark's Adm'r v. H. & St. Jo. Ry. Co.*, 36 Mo. 215; *Pitts v. Fugate*, 41 Mo. 405; *State ex rel. Collins v. Dulle et al.*, 45 Mo. 269. The two counts were for separate and distinct causes of action. But if there is one entire cause of action, and one good count in the declaration, a general verdict and general assessment of damages will answer. *Clemens v. Collins*, 14 Mo. 604; *Brownell v. Pacific Railroad*, 47

Mo. 243; Bliss on Code Pl., sec. 113; Pomeroy on Remedies, p. 489, sec. 455.

*Henry Smith* for respondent.

(1) Plaintiff was entitled to recover on the first count of the petition. He was not a fellow servant of the train men. He was engaged in repairing the track, they in running the cars. It was defendant's duty to see that plaintiff, while at its work in one department, was not injured by its chosen servants in another department. *Kieley v. Belcher, etc.*, 2 Cent. L. J. 705; *Baird v. Pettit*, 70 Pa. St. 482; *Lewis v. Ry.*, 59 Mo. 495; *Hall v. Ry.*, 74 Mo. 298; *Long v. Ry.*, 65 Mo. 225; *Chicago Ry. v. Moranda*, 98 Ill. 302. The injury was the result of carelessly running and operating the train, at least, that was for the jury to determine from the evidence. *Schultz v. Ry.*, 44 Wis. 638; *Haines v. Ry.*, 3 Cold. 222. Plaintiff was not guilty of contributory negligence. *Cottrel v. Ry.*, 47 Wis. 634. (2) Plaintiff was entitled to recover on second count of the petition. He was not a fellow servant of foreman Rice. The latter was representing the company as to the management and control of the work. Shearman & Redf. on Negligence, sec. 102; Wharton on Negligence, sec. 222; Wood on Master and Servant, 886; *Gormly v. Vulcan Iron Works*, 61 Mo. 492; *Brothers v. Cartter*, 52 Mo. 372; *Lewis v. Iron Mt. Ry. Co.*, 59 Mo. 495; *Marshall v. Shricker*, 63 Mo. 308; *McGowan v. Iron Mt. Railroad*, 61 Mo. 528–532; *Cook v. H. & St. Jo. Ry.*, 63 Mo. 397; *Dowling v. Gerard B. Allen & Co.*, 74 Mo. 13, 18, 19, 20. (3) Plaintiff was subject to extra hazard and greater risk than belonged to his employment in obeying Rice's order to remove the obstructing stones. Rice, in giving the order, represented the company. *Dowling v. Allen & Co.*, 74 Mo. 13; *Keegan v. Kavanaugh*, 62 Mo. 230; *Railway Co. v. Fost*, 17 Wall. 553, 557; *Chicago & N. Ry. Co. v. Bay-*

*field*, 37 Mich. 205 ; *Lalar v. Ry. Co.*, 52 Ill. 401 ; *Ry. Co. v. Collins*, 2 Duv. 114. (4) It was not contributory negligence in plaintiff to obey Rice's order. *Keegan v. Kavanaugh*, 62 Mo. 230. The fact that an employe is directed by his superior in charge to do an act at a time and under circumstances that a person would reasonably apprehend danger, would not justify his disobedence of such orders, and obedience is not negligence. *Frandsen v. Ry. Co.*, 36 Iowa, 372 ; *Patterson v. Ry. Co.*, 76 Pa. St. 389 ; *LeClair v. Ry. Co.*, 20 Minn. 9. If the master, or another servant, standing toward the injured servant in the relation of vice-principal, orders the servant into a place of danger, and he obeys and is injured, the law will not charge him with contributory negligence. *Miller v. Ry Co.*, 12 Fed. Rep. 600 ; *Miller v. Ry. Co.*, 17 Fed. Rep. 67.

BLACK, J.—This was a suit for personal damages sustained by the plaintiff while in the employ of the defendant, as track repairer. The first count of the petition attributes the injuries to the negligent manner of running a passenger train, and the second to the negligence of Rice, the foreman. Plaintiff was one of a gang of six laborers under Rice, their foreman. At the time of the accident, the men were at a curve in the road ballasting the track, which they did by breaking large stones distributed along the track for that purpose.

The plaintiff's account of the matter is as follows : "When we saw the train coming, Rice said, ' clear the track.' We all got off the track. When I said to Rice : 'Jack, there are two stones on the track,' he said, 'it is time you were getting them off.' I heard the train some time before I saw it. When I first saw the train it was about one hundred and fifty yards away. I can't say how far it was away when I first heard it. The train was coming about twice as fast as usual. When the train came •

in sight, Rice said, 'clear the track.' After we got off the track, I said to Rice: 'there are two stones on the track,' and he said, 'it is time you were getting them off.' It took me all the time to get those rocks off between the time the order was given and I was hurt. The engine hit the tamping bar which I had been using, but which I did not then have in my hand, and that struck me and turned around and the engine struck my left arm, crushing it. The tamping bar struck my right arm, turning me around and throwing me against the engine. I was standing clear of the track, with my right side to the approaching train. My back was not to it."

The two stones referred to were some six inches in diameter and eighteen inches long. The evidence further shows that the train was behind time a few minutes, and was running faster than usual to make up time, and that the track at that place was new and in good repair. Rice says when he first heard the train he thought it was on another road, but he soon knew, and before he saw it, that it was on their track, and he ordered the men to get off. He also says, when he made the remark to Stephens, his attention was called to some engineers who were on the track with a hand car, and that he ran towards them waving his hat for them to get off, and did not see Stephens again, until just as he was struck; that he hallooed, but Stephens did not hear him.

1.    The court, at the request of the plaintiff, gave an intruction to the effect that if the injuries complained of were caused by the negligence of the employes on the train, in running it at a high and dangerous rate of speed, and without fault on the part of the plaintiff, then the finding should be for the plaintiff. There was no evidence in the case on which to base this instruction. The defendant had a right to run its trains in excess of the usual rate of speed to make up lost time. Of course, in doing this, it became the duty of the employes in charge of the train to use greater vigilance and care to

prevent accidents on the track. But there is no evidence in the case showing, or tending to show, that the engineer did, or by the exercise of care, could have discovered the plaintiff in time to have checked or stopped the train. The section men themselves could not see the train until it was well near to them. The verdict is general. It does not show upon which count the finding was based. Both counts seek to recover for the same injury, it is true, but they are based upon entirely distinct grounds, and we cannot say the finding was not upon the erroneous instruction. This branch of the case should have been entirely withdrawn from the jury.

2. It follows from what has been said, that the second instruction asked by the defendant was properly refused, and the second, given by the court of its own motion, should not have been given. There is no charge of negligence on the part of defendant in employing Rice or in retaining him in its service. Nor is there any evidence tending, in the least, to show that Rice was an incompetent person to discharge the duties of foreman when employed, or that he became incompetent after his employment, and with knowledge of such incompetency the defendant retained him in its service. The third and fourth instructions asked by the defendant, so far as they relate to the incompetency of Rice, are foreign to any issue presented by the pleadings or evidence and were properly refused. For a like reason the third given by the court of its own motion should not have been given.

3. The court, at the request of plaintiff, gave the following instruction:

"2. If the jury believe from the evidence that the giving the order by the foreman to remove the stone, under the circumstances of the case, and after the train had approached so near, was negligence in the foreman and caused the injury, or, if the jury believe the injury resulted from the negligent or careless control, or man-

agement of the work by the foreman, they will find for plaintiff on. the second count."

And of its own motion the following :

"1. The plaintiff, in becoming the employe of the defendant, undertook to incur the risk of injuries ordinarily incident to the employment in which he engaged, and the defendant is not responsible for such injuries. If the section foreman, under whom the plaintiff was working, recklessly ordered the plaintiff to do an act that was extra hazardous, and the plaintiff, in obeying said order, was injured by the defendant, the defendant is responsible for such injury, unless the plaintiff, by the exercise of due care on his part, could have avoided the injury."

And upon the same subject the court, at the request of the defendant, gave the following :

"$3\frac{1}{2}$. If the jury belive from the evidence that plaintiff was himself guilty of any negligent or reckless act which directly contributed to the injury sued for, they will find for defendant."

A demurrer to the evidence was also overruled. The first contention over these instructions is, that Rice and the plaintiff were fellow servants, and, there being no negligence alleged or proved in the hiring or retention of Rice, there can be no recovery. *McDermott v. H. & St. J. Ry. Co.*, 73 Mo. 517, cited by counsel for appellant, has no direct bearing upon the question here presented. It was there alleged that Dawson was incompetent to perform the duties assigned to him, and that the company had knowledge of that fact before the injuries complained of occurred, and with such knowledge retained him in its service, and by reason of which the plaintiff was injured. The question there considered was as to the competency of certain evidence to show the alleged incompetency of Dawson and knowledge thereof by the company. No such question is raised in this case. It

does not follow that plaintiff and Rice were fellow servants, because Rice was also a servant to the defendant. The law is well settled in this state and many others, that where the master appoints an agent with a superintending control over the work, and with power to employ and discharge hands and direct and control their movements in and about the work, the agent, in respect of such matters, stands in the place of the master. His negligence is the negligence of the principal, and for which the latter is liable. *Gormly v. Vulcan Iron Works*, 61 Mo. 492 ; *Brothers v. Cartter et al.*, 52 Mo. 372 ; *Dowling v. Allen & Co.*, 74 Mo. 13 ; *Cook v. H. & St. Jo. Ry. Co.*, 63 Mo. 397 ; Shearman & Redfield on Neg., sec. 102 ; Wharton on Law of Neg., sec. 222.

Here the facts are uncontroverted. Rice, as foreman, had power to and did employ and discharge the men. They were under his directions, and subject to his orders, and it is said in the evidence, and not controverted, that they were subject to the orders of no one else. Beyond all doubt Rice was a vice-principal, and not a fellow servant with plaintiff, in respect to all orders and directions given by Rice to the men in the discharge of their duties.

The point that no order was given by the foreman is clearly untenable. Rice ordered the men to get off the track, which they did, when plaintiff, having regard for his master's business, called Rice's attention to the two stones, whereupon Rice said to him : "it is time you were getting them off." What could or would any employe regard this, but a direction to take the stones off ? It may be, as stated in Wood on Master and Servant, page 900, that "an order given by a foreman to do an act within the line of the servant's duty, in the execution of which an injury arises, is not such an act of authority, on the part of the foreman, as renders the master liable for the consequences," but if the order is given to do an

Stephens v. The Hannibal & St. Joseph Railway Company.

act at a time or under circumstances which renders the doing of the act extra hazardous, the rule, as stated, can have no application. The principal is liable, unless to obey the order was plainly to imperil life or limb. Obedience is the primary duty of the servant, and he may, within reasonable bounds, trust to the superior judgment of the master.

So far as negligence on the part of the plaintiff was concerned, that was fairly submitted to the jury by the first instruction given by the court of its own motion, and the one given at the request of defendant. The case, upon the evidence, would seem to be confined to the simple issues, as to whether or not, under all the circumstances, it was an act of negligence and carelessness on the part of the foreman to direct the plaintiff to remove the stones, and in obeying the order he was injured, because of such negligence, and without fault on his part. There does not appear to be any evidence of negligence in the general management of the work. The latter part of the plaintiff's second instruction was probably not designed to submit any question of general negligence, but it is well enough to make it plain in this respect. The other instructions prayed for by the defendant, and refused by the court, were properly refused.

The judgment is reversed, and the cause remanded for new trial. Henry, C. J., concurs in the result. Sherwood, J., is of the opinion that the case should be simply reversed and not remanded. The other judges concur.