ISCHER v. ST. LOUIS BRIDGE COMPANY *et al., Appellants.*

Negligence : ALLEGATA AND PROBATA : CAUSE REMANDED WITH LEAVE
    TO AMEND PETITION. In an action by a servant against his employer
    for personal injuries, the petition charged that defendant's foreman
    was incompetent, and that by reason of said foreman's recklessness,
    carelessness, and brutal disposition, plaintiff was compelled to take
    a position of unnecessary danger in unloading iron pipes from railroad cars ; that the injury received by plaintiff was the direct
    result of the foreman's cursing, threatening, and driving the men
    under him so they could not work with safety. The evidence,
    while it showed that the foreman was profane and prefaced his
    orders to his men with oaths, failed to show any threat to punish or
    discharge them, or that the place to which the foreman ordered the
    plaintiff was an improper one, or more hazardous than any other
    place necessary to be occupied. The evidence further seemed to show
    that the injury was the result of a defective iron bar used in raising the pipes, and a failure to chock them to prevent their rolling,
    *Held*, that there was a fatal variance between the *allegata* and
    the *probata*, and the judgment for that reason reversed, and the
    cause remanded with permission to plaintiff to amend his petition.

*Appeal from St. Louis City Circuit Court.*—HON.
AMOS M. THAYER, Judge.

REVERSED AND REMANDED.

*S. M. Breckinridge* and *M.F. Watts* for appellants.

(1) The court erred in overruling the demurrer to the evidence. There was a fatal variance between the allegations and the proof. *Neilon v. Railroad*, 85 Mo. 599. (2) The court erred in refusing to give the first instruction asked by defendant. *Daubert v. Pickle*, 4 Mo. App. 591; *Hamilton v. Railroad*, 4 Mo. App. 564; *Weger v. Railroad*, 55 Pa. 460; *Peterson v. Coal Co.*, 58 Ind. 673; *Coal Co. v. James*, 86 Pa. 432; *Flynn v. Salem*, 134 Mass. 351; *Brown v. Railroad*, 27 Minn. 162; *Abend v. Railroad*, 111 Ill. 202; 2 Thomp. on Neg. 1023; *Mathews v. Case*, 61 Wis. 491; *Huffman v. Railroad*, 78 Mo. 50. (3) The court erred in refusing to give the second instruction asked by defendant. A master is not liable to a servant for the negligent acts of an incompetent foreman unless the master knew, or, by exercise of reasonable care, might have known, of the foreman's incompetency. *Huffman v. Railroad*, 78 Mo. 50; *Kersey v. Railroad*, 79 Mo. 362; *Murphy v. Railroad*, 71 Mo. 202; *Hilts v. Railroad*, 55 Mich. 437; *McDermott v. Railroad*, 87 Mo. 285. (4) The court erred in giving the first instruction given by it of its own motion. *Railroad v. Robinson*, 106 Ill. 142; Thompson's Charging the Jury, sec. 62, and cases there cited.

*A. R. Taylor* for respondent.

(1) The petition charges that Schow, whose negligence caused the injury to plaintiff, was the agent; *i. e.*, the vice-principal of the defendant. This is distinctly alleged and is the essential charge. The fact that the petition also alleges the incompetency of Schow, and defendant's negligence in appointing him, does not affect the materiality of the first charge. *McDermott v. Railroad*, 87 Mo. 302. The petition was drawn to meet

either view, and as, at the time, the cases of *Moore v. Railroad*, 85 Mo. 588; *Stephens v. Railroad*, 86 Mo. 229; *Dowling v. Allen*, 88 Mo. 203; and *Hoke v. Railroad*, 88 Mo. 360, had not been decided, and as the question of who were fellow-servants, and who agents or vice-principals, was in some uncertainty, the plaintiff was entitled to rely upon either ground that the facts warranted. If Schow was defendant's *alter ego*, it is liable for his negligence whilst performing the powers and duties of the master. Authorities *supra*. (2) The *causa causans* of the injury was the conduct of Schow, and the verdict is supported by the evidence. *Lee v. Woolsey*, 109 Pa. St. 124.

NORTON, C. J.—This is an action for damages for personal injuries in which plaintiff recovered judgment for five thousand dollars, from which defendants have appealed. The cause of action alleged in the petition is as follows : That plaintiff was in the employment of defendants unloading iron pipes from certain cars, at the city of St. Louis, near the Union Depot ; that, whilst so engaged, one of the iron pipes rolled against him and caught one of his legs crushing the bones so that it had to be amputated. It is alleged "that said iron pipe was caused to roll upon, and against, and crush plaintiff's leg, as aforesaid, through the negligence and carelessness of defendants' agent, one Christian Schow, defendants' foreman, in directing and controlling the unloading of said iron pipes ; that said foreman, at the time of said injury, was driving the plaintiff and his co-employes with such curses and threats that the said work could not be done with due safety to said employes, which said action of said foreman contributed directly to cause said injury ; that said Schow compelled plaintiff to take a place of great and unnecessary danger by threats and cursing him, and then by his recklessness and negligence, in hurrying

plaintiff and his co-employes in said work, caused said iron pipe to roll upon and injure plaintiff as aforesaid; that said Christian Schow was unfit and incompetent to discharge the duties of such foreman by reason of his reckless and brutal habit and disposition, of which defendants had knowledge at the time he was employed, or could, by the exercise of ordinary care, have known it." The answer was a general denial.

The action of the trial court in refusing to sustain a demurrer to the evidence, and in giving and refusing instructions, is assigned for error. But two witnesses (the plaintiff being one of them) were examined as to what took place when plaintiff was injured, and their evidence tended to show the following state of facts: That in April, 1880, plaintiff was in the employ of defendants in unloading iron pipes from box cars; these pipes were from twelve to fourteen feet long, about one foot in diameter, weighing eighteen hundred to two thousand pounds, and were placed in both ends of the cars, two tiers in each end, one tier on the other; that plaintiff had been in defendants' employ about eight days, and was one of a gang of six or seven men, of which Christian Schow was foreman; that, at the time of the accident, plaintiff and others of the men were shoving one of said pipes out of the car door; that the pipes had all been removed out of one end of the car, and the upper row in the other end had also been removed, leaving the bottom row of pipes. In order to get the pipe out of the car, one of the workmen had inserted a wooden bar in one end of the pipe just high enough to permit another workman to place a small iron bar under it, on which, acting as a pivot, the pipe was turned in order to launch it out of the side door of the car. The custom had been to "chock" the pipes on the floor of the car with small blocks of wood provided for that purpose, to prevent them from rolling when one of the pipes was removed. The evidence

showed that this was usually done by Schow, and when not done by him was done by some of the men, but that, at the time of the accident in which plaintiff was hurt, this was not done.

It is further shown that plaintiff at first assisted the workmen at the end of the pipe near the car door, but of his own accord, and without directions from the foreman, went to the rear end of the pipe, when Schow, the foreman, called to him and said, "God damn you, you come here and stay where I put you, and don't you go away from here either." Plaintiff returned as directed, but left his post again, and was again ordered back, and remained there till the iron bar gave way and he was injured. During this time Schow was swearing and saying, "God damn you, hurry up there; I don't want to be all day unloading this car." When Schow was cursing, the men seemed to be bewildered, or, in the language of plaintiff, "he used his authority in such a way as to bewilder the men in the work." "Schow, the foreman, was in the habit of frequently swearing at the men, and would rush the gang with their work, and rushed it himself," when assisting in unloading the pipes. The evidence shows that, after plaintiff returned the second time to the forward end of the pipe, he attempted to guide it so that it might be launched out of the car door, and while thus engaged, the bar which had become bent from frequent use, and on which the pipe was supported, slipped, and the pipe rolled against another pipe, catching plaintiff's leg between the two pipes and inflicting the injury for which he sues.

It is insisted by counsel that, by the averments of the petition, Schow was only a fellow-servant of plaintiff, and that, as there was no evidence tending to show that defendants either had knowledge of his incompetency, or might have known it by the exercise of ordinary care, that, therefore, the demurrer to the evidence ought to have been sustained. In the case of *Moore v.*

*Railroad*, 85 Mo. 588, it is held that a foreman who is entrusted with power to supervise, superintend, and control workmen under his charge, is not a fellow-servant of such workmen, but a vice-principal. This case was followed in the subsequent cases of *McDermott v. Railroad*, 87 Mo. 298; *Stephens v. Railroad*, 86 Mo. 228; *Dowling v. Allen*, 88 Mo. 293, and *Hoke v. Railroad*, 88 Mo. 360.

The plaintiff, to have brought his case strictly within the rule laid down in *Moore v. Railroad, supra,* should have alleged that Schow, as foreman, had sole charge and control of the men engaged in the work of unloading cars. It would seem, from the averments in the petition, that the pleader, while alleging that Schow, as foreman, had control of the work, treated him as a fellow-servant in averring that he was unfit and incompetent to discharge the duties of foreman by reason of his reckless and brutal habit, of which defendants had knowledge at the time he was employed, or might have had it by the exercise of ordinary care. But inasmuch as, on the trial, evidence was offered and received without objection, showing that the said Schow did have the entire control of the gang of men, we pass from the above objection to the consideration of the question as to whether there was such failure of evidence to establish the averments of the petition as would have justified the court in taking the cause from the jury.

The gist of the action as stated in the petition is, that Schow, the foreman, was incompetent, and that by reason of his recklessness and carelessness, his brutal habit and disposition, plaintiff was compelled to take a position of unnecessary danger, and that the injury received by plaintiff was the direct result of Schow's cursing, threatening, and driving the men under him so that they could not do the work with due safety. While it will be seen, from the statement of the evidence herein

made, that it shows that Schow was a profane man, and prefaced his orders to the men with an oath, and hurried them up with the work in hand, there seems to be a lack of evidence showing that he accompanied his orders with any threat either to punish or discharge the men, or that he compelled plaintiff to take a place of great and unnecessary danger. The evidence does show that plaintiff was ordered to take a position at the end of the pipe nearest the door from which the pipe was to be launched, but there is no evidence to show that this was an improper place for him to be, or any more hazardous than any other place necessary to be occupied.

The cause of the accident, as shown by the evidence of plaintiff and witness Harty, was the giving way of the bar on which the end of the pipe rested. In his evidence, plaintiff says: "I was guiding the pipe and this bar gave way; when it gave way the pipe came over on to me. The lever that we were using was made of iron which we had been using all the time for a purchase by putting it underneath, and that slipped and fell, and as it slipped it made the pipe roll." Harty, the other witness, testified: "That, when the crowbar was put under the pipe, the other end of the pipe was on the floor of the car, and the men at the other end lifted it over so as to rest that end of it on the end of this pipe, and give the forward end a movement towards the door. It would naturally slant there, and Ischer was to hold it stiff at the head to keep it from rolling away from the door. That was the object and the way they tried to do it, and in doing that this bar slipped and Ischer was then to keep it from rolling over, and was holding it stiff so it would not roll over out of the door. The rear end of the pipe at the end of the car which was on the floor, they lifted up to get this end raised on the bar, and in doing it they gave it a turn that threw the head of the pipe towards the door, and when they shoved it around, the bar slipped and it fell; that is what caused

Bowen v. The C., B. & K. C. Ry. Co.

the accident." The whole evidence seems to point to the fact that the injury was the result of a defective bar and a failure to "chock" the pipes to prevent their rolling. The case made by the evidence is not that made by the petition.

The judgment, for the reasons given, will be reversed and cause remanded so that plaintiff may amend his petition in conformity to the views expressed herein. All concur, Judge Sherwood concurring only in the result.