ALBERT GOINS, by Guardian, Respondent, v. THE CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 30, 1889.

*Rehearing denied, December 2, 1889.*

1. **Master and Servant:** CORRELATIVE RIGHTS AND DUTIES AS TO MACHINERY : YOUNG AND INEXPERIENCED SERVANT : KNOWLEDGE OF DEFECT V. KNOWLEDGE OF RISK. The master in providing safe and proper machinery for the use of the servant and keeping the same in repair is charged with only such care as prudent and careful men engaged in such work would be expected to and do exercise, and while the servant, in entering upon the employment, assumes all risks or perils, ordinarily incident to the nature of his engagement, he has a right to rely on the master's ordinary care that reasonably safe appliances are provided and kept in proper repair. Remissness in this duty renders the master liable to the servant injured thereby, while in the exercise of ordinary care, but he is not so liable if the injury resulted proximately from the want of such care by the servant. If the machinery be defective and the consequent risk therefrom be obvious, the servant will ordinarily be presumed to take notice thereof, and, by continuing the work without objection, will assume the risk of such defect. But, whereas,

in this case, the defect is visible, yet, if by reason of his youth and inexperience, the servant (a boy seventeen years old) was not aware of the danger to which he was exposed in operating the defective car coupling (consisting of a bent pin and misshapen link fastened in the drawhead), it is the duty of the master to apprise him of such danger, and mere knowledge of such defect without apprehension of the probable consequent danger will not defeat the servant's recovery.

2. ———: ———: ———: MASTER'S KNOWLEDGE OF SERVANT'S SKILL. And, where the master has knowledge of the servant's skill and information (as a brakeman), he cannot defend by showing his want of proper skill.

*Appeal from the Mercer Circuit Court.*—Hon. G. D. Burgess, Judge.

Affirmed.

The following are plaintiff's instructions one and two mentioned in the opinion:

"1. The jury are instructed that it was the duty of the defendant to use all reasonable care and caution to provide for its employes good and well-constructed cars, adapted to the purpose for which they are used, and also to use all reasonable care and watchfulness in keeping said cars and the appliances and parts thereof in safe condition. And if the jury find from the evidence that the defendant failed so to do with respect to the pin or link in the drawhead of the car which Albert Goins was coupling to the train when he was injured, and that the said link and pin were bent and misshapen so as to be fast in the drawhead and thereby became unsafe to use in coupling said car, and that, by reason of the failure of the defendant to use reasonable care and watchfulness with respect to said car, the said link and pin were negligently or carelessly permitted to remain fast in said drawhead, and that while in that condition the defendant kept said car in use, and the plaintiff, while using reasonable care in coupling said car, had his hand caught between the drawheads of the cars, and

that he received said injury by reason of said defective condition of said link or pin, then the jury will find for plaintiff, provided the said Albert Goins, by reason of his youth, if he was a youth, and inexperience in such matters, if he was inexperienced, did not know of the danger of coupling said car in its then condition.

"2. If the jury find that the coupling apparatus of the car which plaintiff was coupling to the train when injured was defective by reason of the link and pin being bent or misshapen and fast in the drawhead of said car, and that said defect rendered the coupling of said car to the train dangerous, then, although such defect was visible and the danger of coupling said car was apparent to one of mature years, or one accustomed to the coupling of cars, yet if the jury find that plaintiff was at the time young and inexperienced, and by reason of his youth and inexperience he was not aware of the danger to himself from the use of such coupling apparatus, then his right to recover in this action will not be defeated by the fact that said defect was visible and apparent and known to plaintiff. "

The following are defendant's refused instructions also referred to in the opinion:

"1. Under the pleadings and evidence in this cause the jury will find for the defendant.

"2. The jury are instructed that when plaintiff undertook the duties of brakeman on defendant's train, under the circumstances detailed by him in evidence, he contracted with defendant to have ordinary skill and information concerning such duties, and if the jury believe that he was injured by reason of not having such ordinary skill and information he cannot recover in this case. "

*Ramey & Brown* and *H. J. Alley*, for the appellant.

(1) When respondent undertook the duties of brakeman on appellant's road there was an implied contract on his part that he possessed the requisite skill,

and was competent to discharge the duties for which he was employed. For that reason appellant's second instruction should have been given. *Parker v. Platt*, 74 Ill. 430; *Waugh v. Shank*, 20 Penn. St. 130; Wood on Master & Servant [2 Ed.] 166-7. (2) When respondent entered into appellant's employ as a brakeman he assumed all the risks and hazards incident to the employment, and he cannot recover for injuries resulting to him therefrom. *Railroad v. Flanigan*, 77 Ill. 365; *Patterson v. Railroad*, 76 Penn. St. 389; *Railroad v. Elliott*, 1 Cold. (Tenn.) 612; *Priestly v. Fowler*, 3 M. & W. 1; Wood on Master and Servant, p. 672, and cases there cited. (3) When the servant has knowledge of the defect, or it is patent, so that he has but to use his senses to discover it, and he voluntarily uses the defective appliance and injury results, he cannot recover. *Nolan v. Shickle*, 79 Mo. 336; *Albridge, Adm'r, v. Furnace Co.*, 78 Mo. 559; *Foley v. Railroad*, 48 Mich. 622; s. c., 42 Am. Rep. 481; Wood on Master and Servant, *supra*, sec. 335, pp. 696-7, and cases cited; *Atlas Engine Works v. Randall*, 100 Ind. 293. (4) The fact that the servant is a minor does not change the rule. He is bound by the same rules in reference to assent to and waiver of risk that an adult is. *Gartland v. Railroad*, 67 Ill. 498; *Railroad v. Elliott*, 1 Cold. (Tenn.) 612; *King v. Railroad*, 9 Cush. (Mass.) 112; *Brown v. Maxwell*, 6 Hill (N. Y.) 595; *Murphy v. Smith*, 19 C. B. (N. S.) 361. And the only effect that his age can have is that it is a circumstance that may properly be considered in determining whether or not respondent knew, or by exercising ordinary care could have known, of the risk arising from the use of the defective appliances. *Fones v. Phillips*, 37 Ark. 17; *Rummell v. Dillworth*, 2 Atl. Rep. 355; *Railroad v. Smith*, 9 Lea (Tenn.) 685. (5) The law presumes that the master has discharged his duty to the servant and that he is not at fault or negligent. Therefore the burden is on the respondent to

rebut this presumption by showing: (*a*) That the master has been guilty of negligence in reference to the link and pin mentioned in their petition, which subjected the servant to danger and risk not in the ordinary scope of his employment, and that this negligence was the direct and proximate cause of the injury. Shearman & Redfield on Negligence, sec. 8; *Id.*, sec. 12; Wood on Master and Servant, sec. 382, p. 768-9-70; *Harlan v. Railroad*, 65 Mo. 22-25; *Stepp v. Railroad*, 85 Mo. 229, 233; *Powell v. Railroad*, 76 Mo. 80; *Moberly v. Railroad*, 17 Mo. App. 518; *Railroad v. Notyki*, 66 Ill. 455; *Wallace v. Railroad*, 74 Mo. 594; *Holman v. Railroad*, 62 Mo. 562-564; Shearman & Redfield on Negligence, [3 Ed.] sec. 99; *Covey v. Railroad*, 86 Mo. 635; *Elliott v. Railroad*, 67 Mo. 272; *Hicks v. Railroad*, 65 Mo. 34; *Randall v. Railroad*, 65 Mo. 325; *McDermot v. Railroad*, 87 Mo. 285. (*b*) That the respondent did not know of the defects and the danger incident to the use of said defective appliances, and would not, by the exercise of ordinary care on his part, have known it. *Devanny v. Pepper*, 12 Mo. 588; *Albridge, Adm'r, v. Furnace Co.*, 78 Mo. 559; *Keegan v. Kavanaugh*, 62 Mo. 230, 232; *Cook v. Railroad*, 24 N. W. Rep. 311: Wood on Master and Servant, *supra*, p. 769; *Buzzell v. Mfg. Co.*, 48 Me. 113. (6) There is no evidence in this case that respondent's youth affected his ability to appreciate the hazard incident to the use of the coupling in the condition described in the evidence, and it was error to submit that question to the jury. *White v. Chaney*, 20 Mo. App. 389; *Cottrell v. Spies*, 23 Mo. App. 35; *Skyles v. Bollman*, 85 Mo. 35. For the foregoing reasons appellant's instruction in the nature of a demurrer to the evidence should have been given, and all the instructions asked by respondent refused.

*Hyde & Orton*, for the respondent.

(1) The coupling apparatus was defective and dangerous. This question was submitted to the jury and

found in his favor, and this unsafe condition was found to be the failure of defendant to use reasonable care to keep the coupling in safe condition, and that plaintiff received the injury by reason of the unsafe condition of the coupling. And the jury further found that the boy was at the time using reasonable care, and that he was a youth and inexperienced in such matters, and by reason of his youth and inexperience he did not know the danger of using the coupling in its then condition. (2) Contributory negligence, if relied on as a defense, unless shown by the proof of the plaintiff, is for the defense to show. Every element of this defense, not appearing in plaintiff's evidence, is to be shown by defendant. The plaintiff is not required to negative any fact that might, if proven, show him guilty of contributory negligence. He is not required to show that he was not the car inspector or repairer. If he was precocious, and for that reason ought to have known the danger, it is for defendant to show that fact and have it submitted to the jury. *Lloyd v. Railroad*, 53 Mo. 509; *Petty v. Railroad*, 88 Mo. 306; *Stephens v. Macon*, 83 Mo. 345; *Parsons v. Railroad*, 94 Mo. 294; *Huckshold v. Railroad*, 90 Mo. 548. (3) It was the duty of defendant to furnish cars that were reasonably safe for use by plaintiff, and to keep them safe. This is an ever-present duty, and its neglect is a continuing neglect, running with the cars. *Parsons v. Railroad*, 94 Mo. 286; *Tobler v. Railroad*, 93 Mo. 79; *Bran v. Railroad*, (53 Iowa, 595,) 36 Am. 243. (4) Contributory negligence cannot be imputed to plaintiff unless he knew, not only that the link and pin were fast, but he must have known the risk and danger resulting from that defect. There is a broad distinction between knowing the actual condition of the coupling and knowing the risk or danger resulting therefrom in its use. No evidence was offered by defendant, and none was produced by plaintiff, that he knew the peril he was in, in using this dangerous coupling. The undisputed evidence of the boy was that he did not know this danger, and

no facts were shown from which such knowledge could be inferred. From his brief experience as a brakeman, even if he had been an adult, we would infer that he did not know the danger. But when we consider, in addition to his brief experience as a brakeman, that he was a boy only seventeen, the inference that he did not know the danger is still stronger. So there could have been no conclusive presumption to justify the court in taking the case from the jury. *Dowling v. Allen*, 74 Mo. 14; *Dowling v. Allen & Co.*, 88 Mo. 293; *Colbert v. Rankin*, 13 Pacific (Cal.) 491; *Cook v. Railroad*, 24 N. W. Rep. (Minn.) 311; *Russell v. Railroad*, 20 N. W. Rep. (Minn.) 147; *Car Works Case*, 27 N. W. Rep. (Mich.) 662; *Parkhurst v. Johnson*, 15 N. W. Rep. (Mich.) 107; *Carver v. Christian*, 26 N. W. Rep. (Minn.) 8; *Behm v. Armour*, 15 N. W. Rep. 806; *Rummell v. Dillworth, Porter & Co.*, 2 Atlantic (Penn.) 35; *McGowen v. Smelting Co.*, 9 Fed. Rep. (U. S. Cir. Col.) 861; *Watkins v. Goodall*, 138 Mass. 553; *Looney v. McLean*, 129 Mass. 33; *Railroad v. Frawley*, 9 N. E. Rep. (Ind.) 594, and cases therein cited; *White v. Worsted Works*, 11 N. E. Rep. (Mass.) 75; *Grizzle v. Frost*, 3 Frost and Final, 622; *Clark v. Holmes*, 7 N. F. and H. 937; *A. Goins v. Railroad*, decided at the last term of this court. (5) The jury found that the appliance was dangerous and that plaintiff was a youth and inexperienced, and did not know the danger of using the defective coupling. In such case there was no implied contract that he was a skilled brakeman. Defendant, when it transferred him to the rock train as a brakeman, knew that he was not a skilled brakeman. *Dowling v. Allen & Co.*, 74 Mo. 17, and 88 Mo. 293. (6) The evidence showed that "Mr. Hough was the conductor of the rock train." He "was the foreman and boss," and Albert worked under his orders. This would constitute him the *alter ego* of the defendant. *Dowling v. Allen & Co., supra; Moore v. Railroad*, 85 Mo. 588; *McDermot v. Railroad*, 87 Mo. 287; *Clowers v. Railroad*, 21 Mo. App. 213. (7) The second instruction

asked by defendant and refused by the court did not state the law of this case where a boy in defendant's employ in a service that he could do safely was transferred to a service of which he was ignorant, and to work with defective and dangerous appliances. (8) The first instruction for the defendant was as favorable to defendant as it could ask. If knowing the condition is correct, but, if it is construed to mean that the moment when Albert made the coupling he knew the link and pin fast without regard to whether he knew the danger of making the coupling then the plaintiff could not recover, the proposition is not correct. Defendant cannot complain of the unsoundness of this instruction.

GILL, J.—The nature of this case can best be understood by reference to the pleadings, the substance of which is here given. This suit was begun March 17, 1887. The second amended petition, on which it was tried, states the minority of plaintiff, the appointment of the guardian, the incorporation of defendant and its ownership and operation of the railroad on which the accident subsequently occurred, and proceeds as follows:

"That on and prior to said day, and at the time of receiving the injury hereinafter mentioned, this plaintiff was employed and hired by said defendant as a common laborer on its construction train, located in said county, and was receiving only the wages of a common laborer and not the wages of a brakeman, and, being so employed and hired, said defendant and its foreman and conductor, under whom plaintiff was working, transferred plaintiff to another train of defendant engaged in hauling rock for defendant in said county, and directed and ordered plaintiff to perform the duties of brakeman on said last-mentioned train; the said defendant and its foreman and conductor then and there well knowing that plaintiff was young and ignorant and

inexperienced as to the duties of a brakeman; and plaintiff, in obedience to said orders and directions, was performing the duties of brakeman as aforesaid when he received the injury hereinafter mentioned.

"That on said seventeenth day of August, 1886, at Mercer county, Missouri, plaintiff was injured while discharging the duties of brakeman as aforesaid in coupling said cars, without carelessness or negligence on his part, but through and in consequence of the carelessness and negligence of said defendant in this, that it negligently and carelessly provided, used and permitted and directed to be used, in coupling its said train and cars, a certain crooked and misshapen link and pin in the forward end of one of its cars as the same was used in said train, which said link and pin, by being crooked and misshapen, both became and were, and for a long time before said day had been, fast in the forward drawhead of said car as the same was used and run in said train; which said link and pin, by reason of being crooked and misshapen, and fast in the front drawhead of said car as aforesaid, as the said car was used and made up in said train, then and there became and was a very unsafe and dangerous coupling; and, that in consequence of said unsafe and dangerous coupling, link and pin, carelessly and negligently used, provided and maintained by the defendant as aforesaid, plaintiff, being by said defendant and its foreman and conductor under whom plaintiff was working thereto directed and commanded, in attempting to couple said car having said unsafe and dangerous coupling pin and link to said moving train, backing up to said car for that purpose, had his right hand caught and crushed by the drawheads of the said cars he was attempting to couple, thereby causing great and permanent injury to plaintiff's right hand, crushing and causing him to lose and necessarily have amputated two fingers and a part of a third finger, and a considerable part of the palm of his

said right hand, so he became sick, sore and disordered, and so remained for six months, and was, and is and ever will be, permanently disabled in said hand, and prevented. and hindered from making a support and from attending to his own ordinary business and occupation.

"That the said unsafe and dangerous condition of said link, pin and coupling was, for a long time before plaintiff was injured thereby, to-wit, for ten days, well known to said defendant and its said foreman and conductor who had charge of said train and cars and of plaintiff, and under whom plaintiff was working, or by the exercise of ordinary care and diligence said condition could have been known to defendant and said conductor and foreman, but said defendant and its said foreman and conductor, well knowing of said unsafe and dangerous coupling, link and pin, and of the defects existing therein, and that the same was very unsafe and dangerous to use in the manner aforesaid, or after said condition, by ordinary care and diligence could have been known to them, the defendant carelessly and negligently failed, neglected and refused to repair, or change, or suspend the use of the same, and negligently and carelessly neglected and refused to inspect said car or train to ascertain the defective or dangerous condition of the same.

"That plaintiff was young, ignorant and inexperienced in such matters, and only knew that said link and pin were fast in the drawhead of said car, but had no knowledge and was wholly ignorant of the unsafe and dangerous condition of the same, and did not know that the condition of said link and pin, and its location in the front drawhead of said car, as used and run in said train, rendered it hazardous, dangerous or unsafe to use in coupling cars, as plaintiff was by said defendant and its foreman and conductor, under whom plaintiff was working, ordered and directed to do."

The petition lays the damage at twenty-four hundred and ninety-five dollars, for which judgment is asked.

The answer, after denying all the allegations of the petition not specifically admitted, proceeds:

"Defendant admits—

"1. That said Albert Goins was in the employ of the defendant as brakeman at the time and place stated in said petition.

"That said Albert Goins received injuries in coupling defendant's cars at about the time and place stated in said petition. But said defendant says that the injuries received by said Goins were occasioned by his own negligence, and not by any fault or negligence on the part of defendant. And further answering said defendant says that said Albert Goins, at all times mentioned in said petition, had full and complete notice of the condition of the link, pin and coupling apparatus referred to in said petition, and had then and there full and complete notice and knowledge of all dangers and hazards attendant upon using said link, pin and coupling apparatus. But, that notwithstanding said notice and knowledge, said Albert Goins, at the time stated in said petition, carelessly and negligently attempted to couple said cars without using any care or caution whatever in so doing, whereby he received the injuries referred to in plaintiff's said petition."

Plaintiff by his reply denied the acts of contributory negligence set up in the answer.

The case was submitted to a jury, under instructions from the court, a verdict and judgment was rendered for plaintiff, fixing his damages at seventeen hundred dollars; and, after an unsuccessful motion for a new trial, the defendant has appealed to this court.

I. After reading and considering the evidence adduced at the trial, we regard it as tending to prove substantially all the allegations of the foregoing

petition, and shall therefore confine ourselves to the law as declared in the instructions by the court.

The law defining the respective duties of master and servant, in this class of cases, is more easily understood than applied to individual cases. On the one hand the master is charged with reasonable care to provide safe and proper machinery and appliances for the use of the servant, and is charged too with ordinary care to keep such appliances in reasonable repair. This care, incumbent on the master, is only such as prudent and careful men engaged in such work would be expected to, and do, exercise. On the other hand, the servant, in entering upon the employment, assumes all risks, or perils, ordinarily incident to the nature of his engagement. The servant has the right to rely on the master's ordinary care that reasonably safe appliances are provided, and that they are kept in a proper state of repair. If then the master is remiss in his duty— fails, for instance, to use proper care in providing reasonably safe machinery, or fails in the exercise of due care in repairing defective appliances, and the servant, while exercising ordinary care, is injured by reason of the master's neglect, then the servant may recover. The existence of negligence on the part of the master, however, does not warrant recovery by the injured servant, if the injury resulted proximately from the want of ordinary care by the servant.

If the master supply defective machinery, and the servant know it, and know of the dangers to which he is exposed by reason thereof, and yet continue his work without objection, then the servant cannot recover for injuries thereby and thereafter received. If the risk is such as to be obvious to any one, using his senses, then it will be presumed, ordinarily, that the servant took notice thereof, and, by continuing the work without objection, he assumes the risk of such defective machinery. *Aldridge's Adm'r v. Midland Furnace Co.*,

78 Mo. 559; *Keegan v. Kavanaugh*, 62 Mo. 232; *Dowling v. Allen*, 74 Mo. 13 and 88 Mo. 293; *Covey v. Railroad*, 86 Mo. 635; *Smithy v. Railroad*, 69 Mo. 32; *Porter v. Railroad*, 71 Mo. 66.

While knowledge by the servant of the defect in the machinery will, ordinarily, preclude recovery for injuries thereby inflicted, yet, in the language of the supreme court, in *Dowling v. Allen, supra,* "we think the doctrine equally well settled by the authorities, that although the machinery, or that part of it complained of as especially dangerous, is visible, yet if by reason of the youth and inexperience of the servant, he is not aware of the danger to which he is exposed in operating it, it is the duty of the master to apprise him of the danger," etc. "A servant knowing the fact may be utterly ignorant of the risks." (74 Mo. 17.) So it may be well said, in the case at bar, that mere knowledge on the part of this boy Albert (then seventeen years old) that the drawhead, or coupling appliances, were defective would not defeat recovery, if because of his youth and inexperience in that particular business, he did not apprehend the probable danger attending the use of such defective appliances. On the law as declared in *Dowling v. Allen*, plaintiff's instructions numbered one and two were properly given by the court. Indeed we see no reason to condemn any of the instructions given. They fully and fairly declared the law as applicable to the case both for the plaintiff and defendant.

II. Under the circumstances attending the employment of Albert Goins, the court properly enough refused to give defendant's instruction numbered two. If the boy did not have "ordinary skill and information" in "braking" this defendant has no right to complain thereat. He was hired to the company as a "shoveler" on the gravel train, and worked in that position for more than a year just prior to this injury.

About three weeks before getting hurt, the company's "boss," or person in charge of the boy, took him away from the "gravel train" and put him to "braking" on the "rock train," and continued him, too, on the same pay as "shoveler." The defendant then had full knowledge of the boy's "skill and information" as brakeman and cannot now defend this action by showing his want of such skill.

Without further discussion of points urged by appellant's counsel, we hold that this case was fairly tried and submitted to the jury on proper instructions, and shall therefore affirm the judgment.    All concur