JACKSON BANKS, Respondent, v. WABASH WESTERN
RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, April 14, 1890.

1. **Negligence:** WHAT IS PROXIMATE CAUSE: LIABILITY FOR. In
determining what is the proximate cause, the true rule is, that
the injury must be the natural and probable consequence of the
negligence, such a consequence as, under the surrounding circum-
stances of the case, might and ought to have been foreseen by the
wrongdoer as likely to flow from his act; and the guilty actor will
be liable for such immediate result as ought or would have been
expected or anticipated by a reasonably prudent person as likely
to flow from the commission of the wrongful act. On the facts of
this case, as found by the jury, it is *held,* that a defective handle
of a hand car negligently furnished by defendant to plaintiff, its
servant, was the proximate cause of the plaintiff's injury, and
defendant is liable therefor, as the immediate, natural and prob-
able consequence of the negligent act.

2. ———: MASTER AND SERVANT: ALITER EGO: FOREMAN OF SECTION
GANG. Under the facts of this case, it is *held,* that the foreman of
the section "gang" in charge of the hand car was *pro hac vice*
the defendant corporation, and his full knowledge of the condition
of the hand-car handle as well as the situation of an accompany-
ing hand car was the knowledge of the defendant.

3. ———: CONTRIBUTORY NEGLIGENCE: MASTER AND SERVANT:
DEFECTIVE IMPLEMENTS: INSPECTION. The duty of inspecting
implements furnished for use by the master does not rest upon
the servant; but he has the right to assume, in the absence of
knowledge to the contrary, that the implement is reasonably safe.
If there are latent defects of which he has no knowledge, or
which are not obvious to him while using ordinary care and obser-
vation, then he does not assume the risks attendant thereon.
(Instructions set out in the opinion.)

*Appeal from the Chariton Circuit Court.*—HON. G. D.
BURGESS, Judge.

AFFIRMED.

*H. S. Priest*, for the appellant.

( 1 ) The demurrer to plaintiff's evidence should have been sustained : *First*. Because the breaking of the car handle was not the proximate cause of his injuries. He was not hurt by the fall from the car. The petition alleges, and the proof shows, that his injuries were caused by being run over by the hand car, which, through chance, was following the one from which he fell. The car which injured him had no connection with either the crew or the car from which he fell. *Railroad v. Trick*, 34 Am. & Eng. R. R. Cases, 549 ; *Brown v. Railroad*, 20 Mo. App. 222 ; *Marble Co. v. Worcester*, 4 Gray, 395 ; *Railroad v. Locke*, 112 Ind. 404 ; *Livie v. Jansen*, 12 East. 648 ; *Morrison v. Davis*, 20 Pa. St. 171 ; *Denny v. Railroad*, 13 Gray, 481 ; *Railroad v. Reeves*, 10 Wall. 176 ; *Hoadley v. Railroad*, 115 Mass. 304 ; *Daniel v. Ballentine*, 23 Ohio St. 523. *Second*. Either one of the two facts are true in this case, that the defect in the handle was patent or ascertainable by inspection, or it was so concealed as not to be discernible by an ordinarily careful inspection. In neither case is the defendant liable, because in the former the handle was constantly before plaintiff's observation, and his daily use was more efficient in revealing the weakness or insufficiency of the handle than any inspection the defendant was required to make ; in the latter, the defect was not revealed by plaintiff's tests, and, therefore, there is no proof that any ordinarily careful inspection would have revealed it. This, therefore, is a case where upon the evidence the servant had not only equal, but greater, means and opportunities in the discharge of his duties of knowing of the defect than the master ; and the master is not, therefore, liable. *Hayden v. Mfg. Co.*, 29 Conn. 548 ; *Ballou v. Railroad*, 54 Wis. 259 ; s. c., 41 Am. Rep. 31 ; *Way v. Railroad*, 40 Iowa, 341 ; *Kroy v.*

*Railroad*, 32 Iowa, 357; *McGlynn v. Brodie*, 31 Cal. 376; *Devitt v. Railroad*, 50 Mo. 302; *Dillon v. Railroad*, 3 Dill. (Cir. Ct. Rep.) 320; *Sullivan v. Mfg. Co.*, 113 Mass. 396; *Railroad v. Black*, 88 Ill. 112; Wood's Master & Servant, sec. 419; *Huffman v. Railroad*, 78 Mo. 50; *Railroad v. Jewell*, 46 Ill. 90; *Railroad v. Thomas*, 42 Ala. 672; *Railroad v. Doyle*, 49 Tex. 190; *Railroad v. Kenney*, 58 Ga. 485; *Wonder v. Railroad*, 32 Md. 411; *Smith v. Railroad*, 42 Wis. 520. *Third.* It was the fault of plaintiff and his fellows that handle had not been removed. They knew that it was weak, and should have taken it out and put in the new one which had been supplied them for that purpose; or, if this was not the case, the defect was a concealed one, and, when they did not discover it by constant testing in use, the master is not chargeable with neglect in failing to discover the defect, even if, under the circumstances of this case, it was required to inspect. (2) Plaintiff's first instruction is abstract and misleading. It announces the doctrine that, if the plaintiff did not actually know that the car was defective or unsafe; he was not guilty of negligence by continuing its use however defective and unsafe it may have been. That he had the right to rely upon the duty of defendant to furnish him suitable and sufficient machinery. Such is not the law with reference especially to the facts of this case. The master is exempt from liability, if the servant, by the exercise of ordinary care in the use of the implement could have known of the defect, or if the servant had as good or better opportunity as he of knowing of the defect. To say that the servant had the right to rely upon a duty of the master to furnish safe and sufficient machinery, is to make the master a guarantor of the machinery. (3) The second instruction is wrong because: *First.* The evidence does not justify it. *Second.* It left the question of proximate cause to the determination of the jury upon undisputed facts. It is

conceded that plaintiff was injured, not by his fall, but by the other car running over him after he had fallen. The cause of his injury was a question of law, not of fact. *Henry v. Railroad*, 76 Mo. 288.

*A. W. Mullins* and *Tyson S. Dines*, for the respondent.

(1) The demurrer to plaintiff's evidence was properly refused. The breaking handle was the proximate cause of plaintiff's injuries. *Waldhier v. Railroad*, 87 Mo. 37; *Boggs v. Railroad*, 18 Mo. App. 274; *Nagel v. Railroad*, 75 Mo. 653; *Schmidt v. Railroad*, 83 Ill. 405–411; *Powell v. Devinney*, 3 Cush. 301; *Brown v. Railroad*, 20 Mo. App. 222; *Hickman v. Railroad*, 22 Mo. App. 344. It does not follow, because the hand car was old and defective, and plaintiff knew thereof, that he was bound to pursue the inquiry and determine for himself, and at his own peril, whether the handle was, or was not, fit for use. *Devlin v. Railroad*, 87 Mo. 545; Wood's Law of Master and Servant, sec. 376. · In each of the two last-named authorities, emphasis is laid upon the statement that, not only the defect but the danger must be known to the servant. Also see *Waldhier v. Railroad*, cited, *supra*. The servant was not required to inspect the machinery furnished him, but had the right to assume that it was safe and sufficient. *Porter v. Railroad*, 60 Mo. 160; *Gibson v. Railroad*, 52 Mo. 372. This hand car was under the charge and control of the boss. He ordered the repairs. The section hand had nothing to do with these matters. In the eye of the law, this boss was the railway company. His failure to replace the defective handle with a new one was the failure of the railway company. *Clowers v. Railroad*, 21 Mo. App. 213. (2) Plaintiff's instructions announce the law correctly. The first instruction has been approved too many times in this state to be

called in question now. It merely throws upon the railway company the burden of inspecting its machinery. Taken in connection with the second instruction given for defendant, the objection that it makes defendant a guarantor of the machinery becomes frivolous and nonsensical. *Porter v. Railroad*, 60 Mo. 160, and cases therein cited; s. c., 71 Mo. 66, and cases there cited; *Conroy v. Vulcan Works*, 62 Mo. 35. (3) The second instruction is right. It is based upon the facts alleged in the petition. The case of *Henry v. Railroad*, 76 Mo. 288, cited by defendant, is not in point; in that case the alleged wrongful act was not the approximate cause of the injury. This second instruction of plaintiff's even goes further than the law, in defendant's favor, by requiring not only that said defect be unknown to plaintiff, but also that "it could not have been known by ordinary care or caution on his part." *Siela v. Railroad*, 82 Mo. 430; *Covey v. Railroad*, 86 Mo. 635; *Lewis v. Railroad*, 59 Mo. 495; *McMillen v. Brick Works*, 6 Mo. App. 434.

GILL, J.—On and prior to June 12, 1888, plaintiff Banks was in the employ of defendant, the Wabash Railway Company, as a section hand. He had been so engaged for about two and a half months. One Summers was the foreman or boss of the "gang," consisting in all of four men. On the morning of said June 12, this gang, under the command and control of Summers, started on a hand car, furnished by defendant for their use, down the track of the road from Dalton to prosecute their work; and along with the Summers gang went another gang, called an "extra." This extra gang, with their hand car, followed the Summers car and crowded close up to the forward car, leaving, it seems, not more than twenty to thirty feet between the cars when in motion. The two bosses rode together on the forward car. Plaintiff Banks worked one of the handles in the rear of the forward car, his face to the

front. After proceeding a short distance, Summers, the foreman, desiring greater speed, called out to those propelling the hand-car, "Let's go," meaning thereby to urge the car forward. Thereupon Banks exerted himself by two or three hard pulls, the wooden handle broke short off "where it entered an iron collar or band, and he was precipitated backwards, falling immediately in rear of the Summers car onto the track, and was instantly run upon and over by the hand car following. As a result the plaintiff was seriously injured, and for the damages thus occasioned this action was brought, resulting in a verdict and judgment for the plaintiff in the circuit court in the sum of two thousand dollars, and defendant has appealed.

As will be readily surmised the negligence charged in the petition is that defendant carelessly and wrongfully furnished the plaintiff, for use in said work, a defective hand car, the particular matter of complaint being that the handle, adjusted to the lever for propelling the car, was defective, insecure and broken, of which plaintiff had no knowledge and which was known to defendant, or might have been known by the exercise of proper care on its part. The defense was a general denial as to the material allegations of the petition with a plea of contributory negligence.

I. The chief matter of complaint, and upon which counsel for defendant rely for a reversal, is, that a demurrer to the evidence should have been sustained, because it is urged the carelessly furnishing a defective and unsafe handle to the hand car was not the *proximate cause* of the plaintiff's injuries. In the consideration of this question we were furnished at the hearing with an able and exhaustive oral argument by defendant's counsel, followed by a like printed brief and citation of authorities by attorneys of both sides. As a consequence we have read and reflected over a great number of adjudicated cases on "proximate cause," and

can but remark how futile the effort to announce rules at all times applicable to the varied circumstances of all cases. For a definition of *proximate cause*, and one suited to the circumstances of this case, we quote from a late Pennsylvania decision, cited by defendant's counsel: "In determining what is proximate cause, the true rule is, that the injury must be the natural and probable consequence of the negligence ; such a consequence as, under the surrounding circumstances of the case, might and ought to have been foreseen by the wrongdoer as likely to flow from his act." *Hoag v. Railroad*, 85 Pa. St. 292, cited with approval in *Railroad v. Trich*, 34 Am. & Eng. R. R. Cases, p. 551. The negligent act established, the guilty actor will be liable for the immediate result which ought to have been expected, or rather would have been anticipated, by a reasonably prudent person, as likely to flow from the commission of said wrongful act. *Brown v. Railroad*, 20 Mo. App. 227 ; *Nagel v. Railroad*, 75 Mo. 661 ; *Boggs v. Railroad*, 18 Mo. App. 278 ; *Clowers v. Railroad*, 21 Mo. App. 213.

It matters not that other concurrent causes ( not arising from plaintiff's fault ) may co-operate in producing the damages, or in the aggravation thereof, the party originally moving and guilty of the negligent act which sets in motion the concurrent condition of things is liable for the damage thus inflicted. *McDermott v. Railroad*, 87 Mo. 302 ; *Sanderson v. Holland*, 39 Mo. App. 233.

Applying now these principles to the facts of this case, as they have been found by the jury, we must conclude that the defective handle to the hand car was the direct and proximate cause of plaintiff's injuries. The negligence charged in the petition, and found by the jury, is, that defendant furnished a broken, defective and unsafe handle with which plaintiff was required to propel the hand car, and that the defendant *knew* the

condition of such handle, or ( which is the same under the law) could have known thereof by the exercise of ordinary care. Thus furnishing such defective and unsafe appliance then, for the use of this section hand, was a negligent act ; and defendant is chargeable with all injuries or damages resulting therefrom, such as, under the circumstances, defendant as a prudent, careful person might anticipate.

The foreman, or boss, Summers, in charge of this gang and hand car, was, at the time, the representative of the Wabash road. He was *pro hac vice* the corporation, present at the time ; and his full knowledge of the condition of the handle, and its dangerous condition, as well as the situation of the two hand cars then in motion, was the knowledge of the railroad company. *Covey v. Railroad*, 27 Mo. App. 178; *Moore v. Railroad*, 85 Mo. 588 ; *McDermott v. Railroad*, 87 Mo. 294 ; *Ischer v. Bridge Co.*, 95 Mo. 266. The defendant company then was, on the morning of June 12, 1888, requiring and permitting the plaintiff to operate the hand car with a weak and defective lever which might at any time break and throw plaintiff from the car onto the track. Defendant knew, too, the close proximity of the hand car following, and might reasonably anticipate that, if the handle broke and plaintiff should be thereby cast onto the track, the car following would run upon and crush the plaintiff. Here the defendant railroad company was fully cognizant of the condition of things, and was in truth responsible for that condition.

It would not be denied that if the company had negligently furnished a defective handle, and if plaintiff ( without fault on his part ) had, while in the use thereof, broken the same and had fallen in front of his own moving car, that the plaintiff could recover for injuries thus inflicted by the car passing over his body. This was the case as reported in 21 Mo. App. 213. By what process of reasoning is that case ( in every substantial

requirement similar to this ) to be distinguished from this? There, as here, the negligence of .the company consisted in its failure to provide a sufficient and sound handle to a hand car, and the plaintiff Clowers, while using the same, broke the handle, was thrown upon the track in front of the hand car on which he was riding, run over and injured. If the consequence there was one to be expected as likely to flow from the negligent act of furnishing a defective handle, and for which the company was responsible, why was not the consequence here equally to be anticipated by a reasonably prudent person? The boss Summers fully aware of the condition of things at the time he required the plaintiff to use the broken handle, knowing that another car was following in rapid pace only a few feet in the rear of his own car, could but anticipate that if the handle broke the plaintiff Banks would be cast backward to the track and run over before possible to stop the rear car. In the language, then, of the supreme court of Pennsylvania ( *supra*), we hold that the injuries received by the plaintiff were the " natural and probable consequences of defendant's negligence, and were such consequences as, under the surrounding circumstances of the case, might and ought to have been foreseen by the defendant wrongdoer, as likely to flow from said negligent act," and that, therefore, the defective handle was the proximate cause of plaintiff's injuries.

II.   The remaining reason urged why plaintiff, under the evidence, should not be entitled to recover, is, that, admitting the defect in the handle, plaintiff had as great or greater opportunities of knowing the insufficiency and imperfect condition thereof as did the defendant, and that, therefore, plaintiff was guilty of contributory negligence in failing to observe its weakened and unsafe condition. On this branch of the case the trial court gave to the jury the following, among other, instructions : "2. The court, on motion of plaintiff, instructed the jury that if they believed from the

evidence, that on or about the twelfth day of June, 1888, plaintiff was in the employment of the defendant, and that, while in the discharge of his duties as such employe, he was, without carelessness or negligence on his part, which contributed directly thereto, thrown from the defendant's hand car and injured, by reason of the breaking of the handle of said hand car ; that said handle of said hand car was at said time defective and unsafe ; that the defective or unsafe condition of said handle was unknown to plaintiff, and could not have been known by ordinary care or caution on his part, but was known to defendant, or might have been known to defendant by the exercise of reasonable caution and diligence on the part of defendant, then the jury will find for the plaintiff.

"3.   It was not incumbent upon plaintiff, while in defendant's employ, to search for latent or hidden defects in the implements furnished to him by defendant, and, unless by ordinary care and caution the defect could have been discovered by plaintiff, he had a right to assume that the hand car furnished for his use by defendant was safe and sufficient for the purpose of his employment."

And, on motion of defendant, the court gave the following :

"1.   The jury are instructed that the proof by the plaintiff that the handle of the hand car broke, and that plaintiff was injured, does not of itself make a *prima facie* case for the plaintiff against the defendant or entitle the plaintiff to recover, nor does the mere proof that the handle, after it was broken, bore evidence of having been previously cracked entitle the plaintiff to recover.

"2.   If the defect in the handle of the hand car was open to observation in the ordinary use of the car, or was such as one using the car for the purposes for which it was intended to be used would by such use be constantly testing its sufficiency, and would thereby have

as good an opportunity to discover or know of its safety
or deficiency as one making an ordinary careful inspec-
tion of the car without putting it to tests, then the
plaintiff cannot recover in this case.

"3.  The jury are instructed that the law does not
require the defendant to furnish to its employes
machinery that is absolutely safe, nor does it hold the
defendant liable for all injuries which may befall its
employes in the use of the machinery and tools
furnished them, by reason of breakage or defects in
such machinery ; but the law only requires of the
defendant to use ordinary care in furnishing reasonable
and safe machinery and tools for the work to which
they are put, and maintaining them in a reasonably
safe and suitable condition."

"5.  If the jury believe from the evidence that the
handle of the hand-car lever was defective, yet if they
further believe that such was so concealed or hidden as
not to be discovered by an ordinarily careful inspection
of such handle, then your verdict must be for the
defendant."

The foregoing instructions comprise every feature
of defense to which defendant was entitled. Said
declarations of the law are couched, too, in plain,
concise and direct language ; and as a whole are exceed-
ingly favorable to the defendant. The defect in this
handle consisted in an old crack just where the wooden
portion entered an iron collar, where the wood handle
seemed to have been for sometime broken quite half off.
The defect, as some of the evidence tended to show, was
of that character not discernible from the casual obser-
vation attending the use of the handle, but one that
could, and would be, detected by inspection. Now, as
the jury was told, the duty of inspection did not rest on
plaintiff. He had the right to assume, in the absence
of knowledge to the contrary, that the handle for work-
ing the car was reasonably safe and sufficient for the

purpose intended. If there were latent defects of which he had no knowledge, or if defects existed which were not obvious to him while using ordinary care and observation in the use of the handle, then plaintiff, while working for defendant, did not assume the risks attending such use. *Clowers v. Railroad*, 21 Mo. App. 213; *Porter v. Railroad*, 60 Mo. 162. The servant assumes risks attending the use of defective machinery only when he may have knowledge of such defect, or when he might know thereof by the ordinary exercise of his senses. "He is not bound to search, for danger, except as to those risks that are patent to ordinary observation; he has the right to rely upon the judgment and discretion of his master and that he will fully perform his duty towards him." Wood's Master & Servant, sec. 376; *Devlin v. Railroad*, 87 Mo. 545; *Goins v. Railroad*, 37 Mo. App. 221; *Porter v. Railroad*, 71 Mo. 66.

Without more, we must say, that as the jury (on sufficient evidence as we find) determined the questions of fact, raised in the foregoing instructions, against the defendant, the last point made by defendant's counsel is held against defendant. We, therefore, affirm the judgment of the circuit court. All concur.