DAVID BALLARD, Respondent, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, December 5, 1892.**

1. **Practice, Appellate**: REVIEWING AFFIDAVITS OF NEWLY DISCOVERED. EVIDENCE. Where the record preserves only the affidavits of newly discovered evidence filed by the appellant for a new trial, and fails to preserve the counter affidavits filed by the respondent, the appellate court will not look at appellant's affidavits.

2. ————: DISTURBING VERDICT. The appellate court will not disturb a verdict where it is supported by substantial evidence.

3. **Negligence**: INSTRUCTION: CRITICISM. Appellant's criticism of instruction deemed hypercritical.

4. **Instructions**: IGNORING FACTS: MODIFICATION OF. An instruction ignoring facts in evidence should be modified so as to embrace them.

5. **Master and Servant**: NEGLIGENCE: OBEDIENCE TO ORDER: BUSINESS. If a servant jump from the master's moving train in obedience to the order of the boss, and in doing so is hurt, this will not bar his right of recovery unless the danger in obeying was so glaring that a reasonably prudent man would not have undertaken it; and whether it is prudent or rash must be determined by all the attendant circumstances, and the instructions should so state.

6. **Instructions.** Instructions in this case are clear and explicit, and leave no room for mistake.

*Appeal from the Mercer Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

*M. A. Lowe* and *W. F. Evans*, for appellant.

(1) The court should have granted the defendant a new trial. The showing made by the defendant as to the newly-discovered evidence was sufficient to authorize the court to set aside the verdict and grant a new trial. *Alexander v. Solomon*, 15 S. W. Rep. 906;

Powell on Appellate Procedure, p. 257; *Jackson v. Stern-bergh*, 1 Caines, 162, 166; *Weber v. Weber*, 5 N. Y. Sup. 178. (2) The verdict is contrary to the evidence, and should have been set aside for that reason. The plaintiff's story is so improbable that the jury was not justified in believing the same, and it was insufficient to sustain a verdict. The court should have set it aside and granted a new trial for that reason. *Railroad v. McKean*, 40 Ill. 218, 223; *Sullivan v. Mining Co.*, 21 Fed. Rep. 892; *Empey v. Cable Co.*, 45 Mo. App. 422. (3) The evidence clearly showed that the injuries complained of were caused by the plaintiff's own negligence. Without looking or trying to ascertain the rate of speed the train was moving at the time in question, he jumped from the train and was injured. If it was negligence on the part of the conductor to give the order, "All off," it was clearly negligence on the part of the plaintiff to obey the same. Plaintiff's view of the premises was as good as that of the conductor, and his opportunity of determining whether or not it was safe to alight at that time was plain and apparent. *Roul v. Railroad*, 11 S. E. Rep. 558; *Railroad v. Bradford*, 38 Am. & Eng. R. R. Cases, 214. (4) The court erred in modifying instruction, numbered 2, asked by the defendant, and in giving the same as modified. The instruction as asked by the defendant told the jury that plaintiff was bound to use such care as a person of ordinary prudence would exercise under like circumstances, and to abstain from getting off or jumping from said train when he knew it was dangerous to do so. The court in its modification clearly and entirely neutralizes the latter part of the instruction as requested, and authorizes the jury to find for the plaintiff, even though the plaintiff jumped from the train when he knew it was dangerous to do so. (5) The instruction, numbered 4, asked by the defendant should have been

given. The order to alight was properly given, and was heard by the plaintiff; and if sufficient time elapsed before the train started for the plaintiff to get off, and he refused to do so, then the injuries, if any, were the result of plaintiff's disobedience. *Schaub v. Railroad,* 106 Mo. 74; *Railroad v. Hester,* 72 Tex. 40. (6) All of the instructions given by the court were ambiguous, very general, and failed to clearly point out the issues in the case. It was the right of the defendant to have a clear presentation of the case to the jury upon the defendant's theory. *Cahn v. Burgardt,* 18 Mo. App. 115, 135.

*Harber & Knight,* for respondent.

(1) The court did not err in refusing to grant the defendant's motion for a new trial on the ground of newly discovered evidence. *State v. McGlaughlin,* 27 Mo. 111; *Cook v. Railroad,* 56 Mo. 382; *Goff v. Mulholland,* 33 Mo. 203; *State v. Ray,* 53 Mo. 345; *State v. Land & Cattle Co.,* 33 Mo. App. 44; *Mackin v. Railroad,* 45 Mo. App. 382. (2) The modification of appellant's third, fourth and sixth instructions was not only proper, but as modified and given these instructions were fully as strong as the law warranted for the appellant. *Herriman v. Railroad,* 27 Mo. App. 435; *Stevens v. Railroad,* 86 Mo. 221; *Shortel v. City of St. Joseph,* 104 Mo. 114; *Ischer v. Bridge Co.,* 95 Mo. 161; *Keegan v. Kavanaugh,* 62 Mo. 230; *Schroeder v. Railroad,* 18 S. W. Rep. (Mo.) 1094. Appellant's fourth and sixth instructions as asked entirely ignored the giving of the second order by boss Blair, entirely exonerated defendant, if plaintiff failed to obey the first order, even though another was given, in the obeying of which plaintiff was injured. (3) And if there is any settled rule of law in this state we take it

to be "that in an action at law the verdict of a jury will not be disturbed, if there is substantial evidence to support it." *Irwin v. Woodmansee*, 104 Mo. 403–7; *Sheehy v. Railroad*, 94 Mo. 574, 578; *State v. Zorn*, 71 Mo. 415; *Brown v. Railroad*, 13 Mo. App. 463. (4) The instructions given by the court were not "ambiguous" or "general," but clearly and fairly pointed out and defined the issues of the case, and are fully sustained by the following Missouri adjudications: *Herriman v. Railroad*, 27 Mo. App. 435; *Stephens v. Railroad*, 86 Mo. 221; *Shortel v. City of St. Joseph*, 104 Mo. 114; *Ischer v. Railroad*, 95 Mo. 261; Wood on Master & Servant, secs. 387–8, p. 775. In a number of states, Tennessee perhaps among the number, it is held that the alighting from or attempt to board a moving train is negligence *per se*, and prevents a recovery. Such, however, is not the better doctrine, nor is it recognized in this state. *Doss v. Railroad*, 59 Mo. 27–37; *Price v. Railroad*, 72 Mo. 418; *Loyd v. Railroad*, 53 Mo. 509; *Waller v. Railroad*, 83 Mo. 608; *Files v. Railroad*, 49 N. Y. 47; *Railroad v. Crank*, 119 Ind. 542; *Richmond v. Railroad*, 49 Mo. App. 104.

SMITH, P. J.—This was an action to recover damages for personal injuries. It was alleged in the petition that the plaintiff was employed as a common laborer, with others, on one of defendant's "work trains," and while engaged in unloading a car under the control and direction of a boss whose duty it was to direct plaintiff in and about his duties, and who, while said train was in môtion, negligently ordered the plaintiff with his co-employes to jump therefrom without stopping the said train, by reason of which plaintiff without any fault on his part was injured, etc.

The defense interposed was a general denial coupled with a plea of contributory negligence. There

was a trial and judgment for plaintiff, from which defendant has appealed.

I.   Defendant in that part of its brief setting forth the "points intended to be insisted on in argument" (Revised Statutes, sec. 2301), and which we must practically consider as its assignment of errors so far as the same is necessary, complains first that the trial court erred in overruling its motion for a new trial, which was on the ground of newly discovered evidence.

It appears from the additional abstract of the record that there were a number of counter affidavits to those of the defendant filed by the plaintiff in the court below which have not been preserved and presented to us.   We are unwilling to look at the affidavit of the defendant, unless the other affidavits which were presumably considered by the trial court were likewise before us.   We must presume everything in favor of the correctness of the action of that court under the circumstances disclosed by the record in this case.   If the defendant desired us to review the action of the trial court on a question of this kind, it should have presented and brought up in the record all the affidavits that were before the court when it acted.   In the absence of all the affidavits which the trial court had before it for consideration, we cannot tell whether there was an abuse of discretion or not in refusing the new trial.

The defendant further questions the judgment on the ground that the verdict is contrary to the evidence.   It is needless to say that, while the evidence for the plaintiff is not free of conflict, it is not at all like that in *Empey v. Cable Co.*, 45 Mo. App. 422.   Here there was substantial evidence adduced by the plaintiff to sustain the verdict of the jury, and such being the case it would be on our part an unwarrantable invasion of the province of the jury to set that verdict aside

and substitute our own in its stead. Without entering into a lengthy analysis of the testimony of the plaintiff and his other three corroborating witnesses, it is sufficient to say that it afforded very substantial support of the verdict, which, therefore, is not subject to be overthrown by us on the ground the defendant has urged against it.

III. The defendant further contends that the trial court erred in modifying and then giving its second instruction which, as modified, declared: "Even though the jury should find from the evidence that plaintiff was injured in jumping from defendant's train while the same was in motion, and that plaintiff was requested or directed to get off said train by the foreman or conductor of defendant under whom plaintiff was working, yet plaintiff was bound to use such care as a person of ordinary prudence would exercise under like circumstances, and to abstain from getting off or jumping from said train when he knew it was dangerous to do so, and if the jury find that plaintiff did not act with such care and prudence *as an ordinarily prudent and cautious man would take under the circumstances,* he is guilty of negligence directly contributing to his injury." The modification consisted in interpolating therein the *italicized* words.

The defendant's insistance is that the modifying words introduced into the latter part of the instruction authorized the jury to find for plaintiff, even though he jumped from the train when he knew it was dangerous to do so. An examination of the wording of the instruction will show that the *italicized* words interpolated therein by the court are no more than the expression of what was plainly implied without them. The words, "such care and prudence," have reference to that kind or degree thereof antecedently described, which plaintiff was bound to use; that is, such "as a person

of ordinary prudence would exercise under like circumstances.'' The defendant's criticism is exceedingly hypercritical and without merit. ·

IV. The defendant further objects that the court erred in refusing its fourth instruction, and in modifying and then giving it. As modified it told the jury if they found from the evidence that the conductor of the train under whom plaintiff was working ordered ''all off'' while said train was standing, and that sufficient time elapsed before said train started for plaintiff to get off, and that plaintiff did not obey said order, but remained on said train until it had started, and then *without further orders from Blair, the conductor*, jumped off and was thereby injured, then said injury was the direct result of plaintiff's own negligence, and the jury must find for the defendant. The *italicized* words show wherein it was modified. This instruction as asked would have been well enough had it not been for the plaintiff's 'evidence to the effect that the defendant's boss ordered the plaintiff to get off the defendant's train after it was in motion. Thus modified the instruction did not ignore the plaintiff's evidence.

If the plaintiff jumped from defendant's train while in motion in obedience to the order of defendant's boss, and· in doing so he was hurt, this would not bar his right of recovery, unless the danger to be incurred in so obeying the order of defendant's boss was so glaring that a reasonably prudent person would not have undertaken it. *Herriman v. Railroad*, 27 Mo. App. 435; *Stephens v. Railroad*, 86 Mo. 221; *Shortel v. City of St. Joseph*, 104 Mo. 114; *Ischer v. Railroad*, 95 Mo. 261; Wood on Master & Servant, secs. 387–8, p. 775; *Berea Stone Co. v. Kraft*, 31 Ohio St. 287; 2 Thompson on Negligence, secs. 5, 974–5.

Whether it was prudent or rash for the plaintiff, under all the circumstances, to have jumped from the

defendant's train after it started, even if ordered so to do, was a question to be determined by all the attendant circumstances disclosed in the evidence. *Richmond v. Railroad*, 49 Mo. App. 104, and cases there cited. While the instruction should have gone further and embraced the qualifications which we have just stated, still as this qualification was contained in the plaintiff's third and in substance in the defendant's second instruction as modified, no possible injury could have resulted to defendant by such omission.

V. There is no force in the objection that the instructions in their entirety were too ambiguous and general to point out the issues the jury were called upon to try. On the contrary they were so clear and explicit in their enunciation that there was left neither opportunity nor occasion on the part of the jury to mistake their duty.

We are unable to discover any ground upon which we would be justified in disturbing the judgment, which must, therefore, be affirmed. All concur.